IN THE COURT OF APPEALS OF NORTH CAROLINA

 2022-NCCOA-208

 No. COA21-403

 Filed 5 April 2022

 Durham County, No. 20 CVS 1323

 ROSENTHAL FURS, INC., Plaintiff,

 v.

 JONATHAN ANDREW FINE and MARSHALL GRANT, PLLC., Defendants.

 Appeal by Defendants from Order entered 11 March 2021 by Judge Orlando F.

 Hudson, Jr. in Durham County Superior Court. Heard in the Court of Appeals 11

 January 2022.

 Randolph M. James, P.C., by Randolph M. James, for plaintiff-appellee.

 J. Andrew Fine, for defendants-appellants.

 HAMPSON, Judge.

 Factual and Procedural Background

¶1 Jonathan A. Fine (Fine) and Marshall Grant, PLLC, (Marshall Grant)

 (collectively Defendants) appeal from Order entered in favor of Rosenthal Furs, Inc.

 (Plaintiff) on 11 March 2021 granting Plaintiff’s Motion to Disqualify Fine as Counsel

 for Defendants. The Record before us reflects the following:
 ROSENTHAL FURS V. FINE

 2022-NCCOA-208

 Opinion of the Court

¶2 On 1 October 2020, Plaintiff filed a Complaint for legal malpractice,

 constructive fraud, and negligent misrepresentations against Defendants.1 Plaintiff

 based these claims on Defendants’ prior representation of Plaintiff in a dispute

 related to the enforcement of a renewal option provision in a commercial lease.

 During the prior representation, the North Carolina State Bar suspended Fine’s law

 license and subsequently censured Fine for practicing law while his license was

 suspended. Defendants failed to inform Plaintiff about Fine’s suspended license. The

 Complaint alleged this failure to disclose, in addition to Fine’s failure to competently

 evaluate and prosecute Plaintiff’s claims, constituted a breach of the applicable duties

 of care. Furthermore, Plaintiff alleged Marshall Grant breached its duties of

 applicable care by representing to Plaintiff that Fine was an experienced commercial

 litigator when he either “(a) lacked or (b) possessed but failed to apply, the requisite

 skill and/or knowledge in prosecuting Plaintiff’s claims.” Additionally, Plaintiff

 alleged Marshall Grant, through its members, represented that the firm possessed

 the requisite authority to practice law in North Carolina, but in fact, they did not.

 1 Plaintiff filed an Amended Complaint 11 December 2020 after Defendants filed a Joint

 Motion to Dismiss Complaint on 1 December 2020.
 ROSENTHAL FURS V. FINE

 2022-NCCOA-208

 Opinion of the Court

¶3 On 29 October 2020, Fine apparently filed a Notice of Limited Appearance of

 Counsel on behalf of Marshall Grant and filed a Joint Motion to Dismiss Amended

 Complaint on 8 February 2021 on behalf of both Defendants.2

¶4 On 4 March 2021, Plaintiff filed a Motion to Disqualify Fine as counsel for

 Defendants. In support of its Motion to Disqualify, Plaintiff contended North

 Carolina Rules of Professional Conduct 1.9 (Rule 1.9) and 3.7 (Rule 3.7) applied and

 disqualified Fine from appearing pro se and serving as attorney for Marshall Grant.

 Specifically, Plaintiff contended Fine should be disqualified under Rule 3.7 because

 “Fine is a material and necessary witness in the litigation as Defendant Fine’s

 conduct, advice, filings, decisions, statements, acts, and omissions are the subject of

 this legal malpractice lawsuit.” Furthermore, Plaintiff contended Fine should be

 disqualified from serving as attorney for Marshall Grant under Rule 1.9(a) because

 Fine’s representation of Marshall Grant is materially adverse to the interest of

 Plaintiff, and Defendants had not requested or received Plaintiff’s informed consent

 for Fine to represent Marshall Grant.

¶5 Although Defendants did not file a response to the Motion to Disqualify, Fine

 appeared at the hearing for the Motion on 9 March 2021 on behalf of Defendants.

 Plaintiff’s attorney, Randy James, (James) appeared on Plaintiff’s behalf. After

 2 The Notice of Limited Appearance of Counsel is not included in the Record.
 ROSENTHAL FURS V. FINE

 2022-NCCOA-208

 Opinion of the Court

 briefly introducing the case, James argued the trial court should grant the Motion to

 Disqualify because:

 [Fine’s] highly sensitive to these allegations and he’s emotional
 about them as - - and that we’ve alleged that he’s going to be a
 witness. He says he’s gonna be a witness. He’s testifying in his
 papers - - in his motions and that he can’t be both. He can’t do
 both in this case and on behalf of Marshall Grant.

 In his response to James, Fine acknowledged that he may have “come across as angry

 with some of the filings,” but argued his emotional response to the filings was not

 relevant, and thus, “something that we should [not] get into now based on this motion

 to disqualify.” Despite this initial hesitancy to discuss his actions in the case, Fine

 continued to read the testimonial statements in his Motions in an effort to show the

 trial court the “ludicrous” nature of Plaintiff’s assertions. Finally, Fine

 acknowledged—based on an ethics opinion from the state bar—that ultimately “it’s

 up to the [trial] court to decide” whether an attorney can operate as an advocate and

 witness under Rule 3.7, but argued he should be able to represent himself because he

 was “competent” or “able to show that [he] understood what was going on . . . .”

¶6 Ultimately, on 11 March 2021, the trial court granted Plaintiff’s Motion to

 Disqualify Fine as Counsel for Defendants and entered an Order disqualifying Fine

 from further representation of the Defendants. The Order included the following

 relevant Findings of Fact:
 ROSENTHAL FURS V. FINE

 2022-NCCOA-208

 Opinion of the Court

6. [Defendant’s] conduct in representing Plaintiff during the
Shmalo Litigation gives rise to claims of legal malpractice,
constructive fraud, and negligent misrepresentation against Fine
and Marshall Grant in this action.

7. Plaintiff alleges, and the Court finds it is undisputed, that
Defendant Fine’s North Carolina State Bar license . . . was
suspended from March 29, 2015 to June 20, 2017, during which
time Fine appeared in Macon County Superior Court for Plaintiff
in the Shmalo Litigation as well as prosecuting an interlocutory
appeal to the North Carolina Court of Appeals as counsel for
Plaintiff.

....

9. Although during oral argument Fine disclosed Marshall Grant
had signed a conflict waiver with Fine related to a conflict of
interest between Fine and Marshall Grant, no such document was
provided to the Court for its review. Further such a conflict
waiver would not address Rule 3.7 concerns of Fine as a witness
and advocate.

10. No answer has been filed by either defendant; however, the
Court is concerned with Fine accepting representation in the
Shmalo Litigation when his North Carolina law license had been
suspended with an order from the North Carolina State Bar to
disclose the suspension to Fine’s clients and to wind down his
practice during the suspension. The Court is further concerned
with Marshall Grant accepting professional fees from Plaintiff
alleged to be in excess of $55,000 for an associate attorney whose
North Carolina law license had been suspended.

11. Because Marshall Grant has not filed an answer to the
amended complaint, the Court does not know the position
Marshall Grant will take on whether it knew Fine’s law license
had been suspended when Fine accepted representation . . . .

12. Regardless of whatever position Marshall Grant takes about
its knowledge of Fine’s law license, clearly Fine will be deposed,
 ROSENTHAL FURS V. FINE

 2022-NCCOA-208

 Opinion of the Court

 Marshall Grant’s attorneys and/or former attorneys will be
 deposed and as this case progresses, whether Fine disclosed his
 law license suspension and the reasons therefore may well
 constitute a disputed issue for resolution by the Court and/or the
 fact finder.

 ....

 14. Fine further acknowledged during this hearing, he was angry
 about being sued by Plaintiff and therefore his filed motions may
 reflect his emotional feelings . . . .

 ....

 19. Defendant Fine did not file a response to Plaintiff’s motion to
 disqualify him, but called Plaintiff’s motion to disqualify him as
 counsel for himself and Marshall Grant “ludicrous” during the
 hearing.

 20. Considering Fine’s wrongful conduct as found by the North
 Carolina State Bar and his prior suspension from the practice of
 law in North Carolina during the time of his prior representation
 of Plaintiff and the amounts of money invoiced and paid by
 Plaintiff to Marshall Grant during some if not much time of Fine’s
 suspension, and other issues surrounding the representation of
 Plaintiff by Fine and Marshall Grant, Fine and Marshall Grant
 attorneys/staff will be witnesses in this litigation, both by
 deposition and depositions de benne [sic] esse for Marshall Grant
 non-resident attorneys.

The Order also included the following relevant Conclusions of Law:

 7. Defendant Fine has a disqualifying conflict of interest based
 upon his prior representation of Plaintiff while not being licensed
 to practice law; Defendant Fine engaged in the unauthorized
 practice of law in representing Plaintiff as adjudicated by the
 North Carolina State Bar.
 ROSENTHAL FURS V. FINE

 2022-NCCOA-208

 Opinion of the Court

 8. Based on this disqualifying conflict of interest, Defendant Fine
 cannot continue representation pro se or of Defendant Marshall
 Grant.

¶7 On 19 March 2021 Defendants filed a Motion for Reconsideration of the Order

 Granting Plaintiff’s Motion to Disqualify, which was denied by an Order entered 29

 March 2021. Defendants filed Notice of Appeal on 8 April 2021.

 Appellate Jurisdiction

¶8 The trial court’s Order Granting Plaintiff’s Motion to Disqualify is an

 interlocutory order. “Whether an appeal is interlocutory presents a jurisdictional

 issue, and this Court has an obligation to address the issue sua sponte.” Harris &

 Hilton, P.A. v. Rassette, 252 N.C. App. 280, 281, 798 S.E.2d 154, 156 (2017).

 “Generally, there is no right of immediate appeal from interlocutory orders and

 judgments.” Goldston v. American Motors Corp., 326 N.C. 723, 725, 392 S.E.2d 735,

 736 (1990). However, an appeal is permitted “if the trial court’s decision deprives the

 appellant of a substantial right which would be lost absent immediate review.”

 Harris & Hilton, 252 N.C. App. at 282, 798 S.E.2d at 156. The North Carolina

 Supreme Court has previously held that orders disqualifying counsel affect a

 substantial right and are immediately appealable. See Goldston, 326 N.C. at 726,

 392 S.E.2d at 736. Thus, Defendants’ appeal from the Order disqualifying Fine is

 properly before this Court.

 Issues
 ROSENTHAL FURS V. FINE

 2022-NCCOA-208

 Opinion of the Court

¶9 The issues on appeal are whether: (I) the trial court erred in disqualifying Fine

 from representing Marshall Grant; and (II) the trial court erred in disqualifying Fine

 from representing himself pro se.

 Standard of Review

¶ 10 Our standard of review for disqualification of counsel is well established:

 “Decisions regarding whether to disqualify counsel are within the discretion of the

 trial judge and, absent an abuse of discretion, a trial judge’s ruling on a motion to

 disqualify will not be disturbed on appeal.” Harris & Hilton, P.A. v. Rassette, 252

 N.C. App. 280, 283, 798 S.E.2d 154, 157 (2017). “Under the abuse of discretion

 standard, we review to determine whether a decision is manifestly unsupported by

 reason, or so arbitrary that it could not have been the result of a reasoned decision.”

 Id.

 Analysis

 I. Fine’s Representation of Marshall Grant

¶ 11 Defendants contend the trial court abused its discretion in disqualifying Fine

 from representing Marshall Grant arguing Rule 3.7 only disqualifies a lawyer as an

 advocate at trial if the lawyer is likely to be a necessary witness. Specifically,
 ROSENTHAL FURS V. FINE

 2022-NCCOA-208

 Opinion of the Court

 Defendants allege the case is not close to trial and it is premature to decide whether

 a disqualifying conflict will arise.3

¶ 12 Rule 3.7(a) provides:

 (a) A lawyer shall not act as advocate at a trial in which the
 lawyer is likely to be a necessary witness unless:

 (1) the testimony relates to an uncontested issue;

 (2) the testimony relates to the nature and value of legal
 services rendered in the case; or

 (3) disqualification of the lawyer would work substantial
 hardship on the client.

 N.C. Rev. R. Prof. Conduct 3.7. The comments to Rule 3.7 explain:

 The opposing party has proper objection where the combination
 of roles may prejudice that party’s rights in the litigation. A
 witness is required to testify on the basis of personal knowledge,
 while an advocate is expected to explain and comment on evidence
 given by others. It may not be clear whether a statement by an
 advocate-witness should be taken as proof or as an analysis of the
 proof.

 Id. at cmt. 2.

 3 Defendants further contend the trial court abused its discretion in disqualifying Fine under

 Rule 1.9 of the Rules of Professional Conduct prohibiting a lawyer from representing a client
 materially adverse to a former client in the same or substantially related matter because “the
 instant malpractice matter and the previous matter are ‘substantially related.’ ” However,
 Defendants did not make this argument before the trial court and, instead, relied on Fine’s
 assertion Marshall Grant had signed a conflict waiver. Nevertheless, the trial court’s Finding
 of Fact indicates this signed waiver was never presented to the trial court, and further found,
 even if the waiver had been presented, this did not resolve the Rule 3.7 issue. Moreover, it
 is not clear how any waiver executed by Marshall Grant would resolve any conflict between
 Fine and Plaintiff regarding Fine’s representation of a party materially adverse to Plaintiff.
 ROSENTHAL FURS V. FINE

 2022-NCCOA-208

 Opinion of the Court

¶ 13 In Harris & Hilton, our Court has previously recognized the power of the trial

 court to disqualify counsel from representing their own law firm where the lawyer

 was likely to be a necessary witness under Rule 3. There, the law firm’s attorneys

 sought to represent their law firm in a suit against a third party while simultaneously

 serving as witnesses on their firm’s behalf as to disputed issues of fact. Harris &

 Hilton, 252 N.C. App. at 284, 798 S.E.2d at 157. The defendants argued they should

 be permitted to serve as both trial counsel and as witnesses because it “is no different

 than allowing litigants to represent themselves pro se.” Id. We disagreed,

 recognizing “an entity such as Harris & Hilton is treated differently under North

 Carolina law than a pro se litigant.” Id. (citing LexisNexis, Div. of Reed Elseiver, Inc.

 v. Travishan Corp., 155 N.C. App. 205, 209, 573 S.E.2d 547, 549 (2002) (holding that

 under North Carolina law, a corporation is not permitted to represent itself pro se)).

¶ 14 Here, while Defendants recognize the authority of the trial court to disqualify

 a law firm’s attorney from representing their law firm, they argue the trial court

 disqualified Fine prematurely as the language of Rule 3.7 states “a lawyer shall not

 advocate at a trial” and does not expressly prevent an advocate from participating in

 pretrial proceedings. However, Defendants fail to acknowledge a crucial portion of

 an ethics opinion explaining the “at a trial” language. In a 2020 Ethics Opinion

 addressing Rule 3.7, the North Carolina State Bar Ethics Committee noted that while

 Rule 3.7’s prohibition on a lawyer acting as both advocate and witness “does not
 ROSENTHAL FURS V. FINE

 2022-NCCOA-208

 Opinion of the Court

 automatically extend to a lawyer’s representation of a client in pretrial proceedings,”

 the court has discretion to disqualify a lawyer from pretrial proceedings “if the

 pretrial activities involve evidence that, if admitted at trial, would reveal the lawyer’s

 dual role.” 2020 Formal Ethics Opinion 3, no. 2, N.C. State Bar.

¶ 15 In this case, the trial court found Fine along with Marshall Grant would be

 deposed and be witnesses at trial as Plaintiff requires evidence about Fine’s wrongful

 conduct, suspension from the practice of law during the representation of Plaintiff,

 and the amounts of money invoiced and paid by Plaintiff to Defendants during Fine’s

 suspension. Thus, if admitted at trial, the evidence obtained during these depositions

 would reveal Fine’s dual role as it may not be clear to the jury whether they should

 take Fine’s deposition statements as proof or as an analysis of the proof. See N.C.

 Rev. R. Prof. Conduct 3.7, cmt. 2. Therefore, the trial court did not abuse its discretion

 in disqualifying Fine from representing Marshall Grant under Rule 3.7 of the Rules

 of Professional Conduct.

 II. Fine’s Pro Se Appearance

¶ 16 Defendants also contend the trial court “made a clear error of law and abused

 its discretion” by disqualifying Fine from representing himself. Defendants argue

 “Fine’s right to represent himself is codified in North Carolina law[,]” and there

 “cannot be a disqualification based on a pro se attorney/defendant’s ‘dual role’ because

 it is axiomatic that a pro se litigant will always play a dual role as advocate and
 ROSENTHAL FURS V. FINE

 2022-NCCOA-208

 Opinion of the Court

 witness.” Thus, Defendants contend Rule 3.7 of the Rules of Professional Conduct’s

 restrictions on lawyers also acting as witnesses has no application to a lawyer acting

 pro se.

¶ 17 As a general proposition, Defendants are correct that under N.C. Gen. Stat. §

 1-11, “A party may appear either in person or by attorney in actions or proceedings

 in which he is interested.” N.C. Gen. Stat. § 1-11 (2021). Indeed, this Court has

 acknowledged in broad terms: “It is true that litigants are permitted under North

 Carolina law to appear pro se —regardless of whether the litigant is an attorney or a

 layperson.” Harris & Hilton, 252 N.C. App. at 284, 798 S.E.2d at 157. The North

 Carolina State Bar, in a Formal Ethics Opinion, has also recognized Rule 3.7 does not

 prohibit a lawyer from proceeding as a pro se litigant. Responding to the inquiry: “Is

 a lawyer who is a litigant and who is likely to be a necessary witness prohibited by

 Rule 3.7 from representing himself at the trial?”, the Ethics Committee responded:

 “No. The underlying reason for the prohibition—confusion regarding the lawyer’s

 role—does not apply when the lawyer is also a litigant.” 2011 Formal Ethics Opinion

 1, Opinion no. 3, N.C. State Bar. Nevertheless, the same Opinion notes:

 The Ethics Committee observes, however, that it is the sole
 prerogative of a court to determine advocate/witness issues when
 raised in a motion to disqualify. This ethics opinion merely holds
 that a lawyer/litigant is not required to find alternative counsel
 prior to a court’s ruling on a motion to disqualify.
 ROSENTHAL FURS V. FINE

 2022-NCCOA-208

 Opinion of the Court

 Id. Thus, as a general rule, a lawyer-litigant has a right to appear pro se and Rule

 3.7 does not automatically operate to disqualify a lawyer-litigant from appearing pro

 se even when the lawyer-litigant is likely to be a necessary witness.

¶ 18 Indeed, courts in other jurisdictions addressing the issue and applying the

 same or similar American Bar Association Model Rule 3.7 tend to reach the same

 conclusion. See e.g. Brooks v. S.C. Comm'n on Indigent Def., 419 S.C. 319, 332, 797

 S.E.2d 402, 409 (2017) (“Rule 3.7 of the South Carolina Rules of Professional Conduct

 does not apply to a pro se attorney.”); Farrington v. L. Firm of Sessions, Fishman, 687

 So. 2d 997, 1000 (1997) (“Rule 3.7 does not apply to the situation where the lawyer is

 representing himself.”); Beckstead v. Deseret Roofing Co., 831 P.2d 130, 134 (Utah Ct.

 App. 1992) (“Courts interpreting the prohibition against acting as a lawyer and a

 witness in the same case have consistently concluded the rule does not apply when

 the lawyer is representing himself.”).4

¶ 19 A lawyer’s right to be self-represented even when the lawyer is likely to be a

 necessary witness notwithstanding, the question remains whether circumstances

 may arise permitting a court to disqualify a lawyer from appearing pro se in a

 particular case. North Carolina courts do not appear to have addressed this question.

 4 Additional helpful discussion including the underlying rationale for this general rule may

 be found in In re Waldrop, No. 15-14689-JDL, 2016 WL 6090849, at *3 (Bankr. W.D. Okla.
 Oct. 18, 2016).
 ROSENTHAL FURS V. FINE

 2022-NCCOA-208

 Opinion of the Court

¶ 20 At least one court has suggested, however, that while the witness-advocate rule

 codified in Rule 3.7 does not apply to lawyers appearing pro se, the pro se lawyer may

 still be subject to discipline or sanctions including disqualification for abusing the

 role of lawyer-litigant:

 Since defendants have elected to appear pro se, they must conduct
 themselves in their role as advocates under the same standards
 of conduct expected of all members of the legal profession in
 relation to the opposing party, the court and the public. If during
 the course of these proceedings, the combined role of lawyer and
 party is abused, the trial judge, in his discretion, may impose
 whatever sanctions are necessary to [e]nsure the orderly conduct
 of the proceedings including requiring defendants to procure
 independent counsel to conduct the adversarial proceedings.

 Farrington, 96-1486, p. 5, 687 So.2d at 1001. 5

¶ 21 We believe this approach is also consistent with North Carolina law.

 Certainly, the State Bar Formal Ethics Opinion on the question suggests there may

 well be circumstances necessitating disqualification of a lawyer-litigant during the

 course of proceedings in an individual case. 2011 Formal Ethics Opinion 1, Opinion

 no. 3, N.C. State Bar. Moreover, North Carolina courts retain inherent disciplinary

 5 The Farrington Court provided an interesting example. It cited the Connecticut Court of
 Appeals for the general proposition an attorney should not be disqualified from proceeding
 pro se. Presnick v. Esposito, 8 Conn. App. 364, 366, 513 A.2d 165, 166 (1986). However, on
 appeal after remand, the Connecticut Court sanctioned the pro se lawyer for his
 unprofessional conduct during the litigation noting: “Although appearing pro se in this action
 and appeal, the defendant is still an attorney licensed by the Superior Court to practice before
 the courts of our state. As such, he is subject to the Rules of Professional Conduct adopted by
 the judges of the Superior Court in his relationship with the courts and public.” Esposito v.
 Presnick, 15 Conn. App. 654, 667, 546 A.2d 899, 905–06 (1988).
 ROSENTHAL FURS V. FINE

 2022-NCCOA-208

 Opinion of the Court

 power to regulate attorneys appearing before the courts. Sisk v. Transylvania Cmty.

 Hosp., Inc., 364 N.C. 172, 182, 695 S.E.2d 429, 436 (2010) (courts possesses inherent

 authority to discipline attorneys and this authority is not limited by the rules of the

 State Bar); see also Swenson v. Thibault, 39 N.C. App. 77, 109, 250 S.E.2d 279, 299

 (1978) (“[I]t is clear that the court’s inherent power is not limited or bound by the

 technical precepts contained in the Code of Professional Responsibility as

 administered by the Bar.”).

 Inherent power is that which the court necessarily possesses
 irrespective of constitutional provisions. Such power may not be
 abridged by the legislature. Inherent power is essential to the
 existence of the court and the orderly and efficient exercise of the
 administration of justice. Through its inherent power the court
 has authority to do all things that are reasonably necessary for
 the proper administration of justice.

 Beard v. N.C. State Bar, 320 N.C. 126, 129, 357 S.E.2d 694, 696 (1987).

¶ 22 Here, while it is apparent that the trial court did rely on Rule 3.7 in part for

 the basis of disqualifying Fine from representing both himself and Marshall Grant,

 it is also clear this was not the sole basis for disqualifying Fine. In fact, the trial

 court’s Findings reflect the trial court’s concern was not merely that Fine may likely

 be a necessary witness, but rather that Fine would likely be the key witness with

 unique knowledge upon which both his and Marshall Grant’s liability may hinge.

 Further, the trial court’s Findings reflect concern about Fine’s ability to operate and

 advocate objectively in this tripartite role of litigant, lawyer, and key witness as
 ROSENTHAL FURS V. FINE

 2022-NCCOA-208

 Opinion of the Court

 illustrated by Fine’s behavior and demeanor in this case including Fine’s own

 acknowledgment: “he was angry about being sued by Plaintiff and therefore his filed

 motions may reflect his emotional feelings . . . .”

¶ 23 Moreover, the trial court’s Findings also demonstrate the trial court’s

 additional concern about the interwoven relationships at the heart of this case

 including the attorney-client relationship between Fine and Plaintiff, Fine’s

 relationship with Marshall Grant, and Marshall Grant’s role in collecting substantial

 fees from Plaintiff for legal work while Fine was unlicensed. Finally, undergirding

 all of these concerns was the trial court’s recognition of Fine’s history of wrongful

 conduct as found by the North Carolina State Bar including: making “misleading

 statements [to clients] regarding the services Fine could provide”; making “a false

 statement to a tribunal by holding out in case filings as an actively licensed attorney

 in North Carolina despite being suspend at the time”; and charging or collecting “an

 illegal or excessive fee in violation of Rule 1.5(a).” Indeed, the allegations against

 Fine in this case include allegations of the same or similar wrongful conduct in his

 representation of Plaintiff.

¶ 24 Given the litany of concerns reflected in the trial court’s Order, we cannot

 conclude the trial court’s exercise of its inherent authority to control proceedings—

 including control of the lawyers appearing before it—was arbitrary or unsupported

 by reason. Thus, the trial court did not abuse its discretion in disqualifying Fine from
 ROSENTHAL FURS V. FINE

 2022-NCCOA-208

 Opinion of the Court

 appearing as an attorney for himself or Marshall Grant on the facts of this case.

 Therefore, the trial court did not err in entering its Order disqualifying Fine from

 appearing pro se and from representing Marshall Grant in this litigation.

 Consequently, we affirm the trial court’s Order disqualifying Fine.

 Conclusion

¶ 25 Accordingly, for the foregoing reasons, we affirm the trial court’s Order.

 AFFIRMED.

 Judges ARROWOOD and CARPENTER concur.